# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| ANDREW LANE HARLOW, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF MONTANA, HILL COUNTY ATTORNEYS OFFICE, HON. JUDGE C. McKEON, and DANIEL MINNIS, <br><br> Defendants. | Cause No. CV 13-0051-GF-DWM-RKS <br><br><br> ORDER |

**SYNOPSIS**

Plaintiff Andrew Harlow alleges Defendants violated his civil rights during his criminal proceedings in Hill County, Montana. The State of Montana, the Hill County Attorneys Office, and the Hon. Judge McKeon are entitled to immunity; Mr. Minnis is not a state actor against whom a federal claim can be brought under 42 U.S.C. § 1983; and Mr. Harlow's claims are barred by the Younger and/or Heck doctrines. This matter should be dismissed.

**JURISDICTION**

Mr. Harlow filed this action in federal court, in the Great Falls Division of

1

the District of Montana. CD 2. Venue is proper, as he alleges wrongs committed in Hill County, Montana. Local Rule 3.2.(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Liberally construed, the Complaint attempts to allege violations under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Harlow is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b). This is the review.

## STANDARDS

**A. Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Leave to amend**

The court liberally construes pro se pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a

3

complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

**B. 42 U.S.C. § 1983**

**1. Eleventh Amendment**

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; see also Edelman v. Jordan, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Hence any claim against the State of Montana or any agency of the State (such as Montana State Prison) for monetary damages cannot be brought in federal court.

One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. See Idaho v. Couer d'Alene Tribe, 521 U.S. 261

4

(1997); Pennhurst State Sch. & Hosp. V. Halderman, 465 U.S. 89, 102-106 (1984); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

### 2. Immunity

Judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

Prosecuting attorneys who act within the scope of their duties are also absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Ashelman, 793 F.2d at 1076, 1078).

### 3. State Action

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). In Polk County v. Dodson, 454 U.S. 312 (1981), the United States Supreme Court held

that public defenders do not act "under color of state law" when performing traditional lawyer duties. See also Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003)(en banc).

### 4. Ongoing State Court Proceedings

There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. Younger v. Harris, 401 U.S. 37, 45 (1971); see also Gooding v. Hooper, 394 F.2d 146 (9th Cir. 1968). Younger directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. Martinez v. Newport Beach City, 125 F.3d 777, 781 (9th Cir. 1997) overruled on other grounds Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001) (citing Younger, 401 U.S. at 40-41). Federal courts may raise the issue of Younger abstention sua sponte. Martinez, 125 F.3d at 781 n.3 (citing Bellotti v. Baird, 428 U.S. 132, 143-44 n.10 (1976)); see also San Remo Hotel, 145 F.3d at 1103 n.5 (noting that the district and appellate courts can raise the issue sua sponte).

Younger abstention is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise the

federal claims.  Hirsh v. Justices of the Supreme Court of the State of California, 67 F.3d 708, 712 (9th Cir. 1995); Martinez, 125 F.3d at 781; Gartrell Constr., Inc. v. Aubry, 940 F.2d 437, 441 (9th Cir. 1991); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

### 5. Challenge to Conviction

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

## FACTUAL ALLEGATIONS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support.  Unsupported legal conclusions, however, are disregarded.

Mr. Harlow alleges that on April 30, 2013 he was found guilty of six probation violations and his probation was revoked.  The judge ordered that sentencing be continued to a later date.  On May 26, 2013, Mr. Harlow received an Order from the 12th Judicial District Court revoking his suspended sentence and

sentencing him to serve the remainder of his sentence with the Department of Corrections. He contends he was sentenced without being present.

In his second count, Mr. Harlow alleges his right to due process was violated when he was served two warrants for his probation revocation on February 4, 2013 and was not given his initial appearance within 72 hours of receiving them. He did not make his initial appearance until March 14, 2013.

## ANALYSIS

The State of Montana is entitled to Eleventh Amendment immunity. Judge McKeon is entitled to absolute judicial immunity for presiding over Mr. Harlow's criminal cases because his actions were part of his official duties. The prosecutors in the Hill County Attorney's Office are entitled to prosecutorial immunity because their alleged acts are intimately associated with the prosecution of Mr. Harlow. Kalina v. Fletcher, 522 U.S. 118, 123-24 (1997). Lastly, Mr. Harlow cannot state a federal cause of action against Mr. Minnis because he is not a state actor. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982). Accordingly, Mr. Harlow has failed to name a proper defendant in this action.

In addition, Mr. Harlow is challenging criminal proceedings but it is unclear whether the criminal proceedings regarding Mr. Harlow's probation revocation have been concluded. To the extent those proceedings are ongoing, review by this Court is barred by <u>Younger</u>. Such proceedings revolve around important state interests to enforce the local and state laws, and Mr. Harlow has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Accordingly, all three prongs of the <u>Younger</u> test have been satisfied.

To the extent, Mr. Harlow's criminal proceedings have concluded, his claims are prohibited by the <u>Heck</u> doctrine. As Mr. Harlow's sentence has not been reversed, declared invalid, expunged, or called into question, any claims challenging his sentence are barred by <u>Heck</u>. If Mr. Harlow wishes to challenge the validity of his sentence, he must do so in a habeas corpus petition.

**CONCLUSION**

Mr. Harlow has failed to state a federal claim for relief against Defendant Minnis. The remaining defendants are immune from monetary relief. In addition, his claims are barred by either the <u>Younger</u> doctrine or the <u>Heck</u> doctrine. These are not defects which could be cured by further amendments and the case should be dismissed.

### "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Mr. Harlow's claims are frivolous. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

### Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith"

requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Harlow has failed to name a proper defendant is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Harlow SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Harlow's claims

are frivolous.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Harlow may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Harlow files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings

and Recommendations may preclude Mr. Harlow from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of July, 2013.

          /s/ Keith Strong
          Keith Strong
          United States Magistrate Judge